## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

FILED ___ ENTERED
LODGED ___ RECEIVED
AUG 18 2014
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

I, Deputy United States Marshal Richard D. Snyder, being duly sworn, depose and state:

### INTRODUCTION

1. I am a Deputy United States Marshal with the United States Marshal's Service assigned to the Baltimore, Maryland Office. I have been so employed since June 1991. As part of my daily duties as a Deputy US Marshal, I investigate criminal violations relating to fugitives including Probation and Parole Violations, Escapes, and Walk-Aways from approved Community Corrections Centers.

2. As a federal agent, your Affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. I am submitting this affidavit in support of a criminal complaint and arrest warrant for Kevin JOHNSON, date of birth 7-24-1980, address unknown, for violation of Title 18, United States Code, Section 751(a) (Escape). The statements in this affidavit are based in part on information provided by officials at the United States Penitentiary–McCreary in Pine Knot, Kentucky, and from my experience and background as a Deputy of the Marshal's Service. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.

### Escape of Kevin JOHNSON

4. On June 11, 2010, Kevin JOHNSON was sentenced by the Honorable J. Frederick Motz to 64 months in the custody of the Bureau of Prisons, to be followed by three years of supervised release, based on his plea of guilty for Mailing a Threatening Communication, in violation of 18 U.S.C. § 876(c). The factual basis of JOHNSON's plea agreement, which he

-1-

signed and acknowledged as true under oath, indicated the following:

That on or about February 11, 2009, the Defendant addressed an envelope to: United States District Court, 101 West Lombard Street, Baltimore, MD 21201, ATT: The Honorable Roger W. Titus. The Defendant placed this envelope into the mail stream intending that it would be delivered by the U.S. Postal Service to Judge Roger W. Titus. The envelope is post marked February 11, 2009.

The envelope was received at the U.S. Federal Courthouse in Baltimore, Maryland, where it was intercepted by the U.S. Marshal's Service. Inside the envelope was a letter which read:

> Dear Judge Titus,
> This is Kevin Johnson #329397. You have presided over 3 § 1983 complaints of mine: RWT-06-3076, RWT-08-1148 and RWT-08-1580. All these cases have something to do with my life being in danger. Since you dismissed all of the aforementioned cases I feel as though you are playing with my life. Since you want to play w/ my life, bitch Im gonna take yours! When I come home, (which won't be to much longer since I go up for parole in July) I'm gonna come to the courthouse and wait for your heartless ass in the parking lot and when I see you (I know exactly what you look like) Im going to put a few hot ones up your Ass! By the way this is NOT a threat. Mother Fucker, ITS A FUCKING PROMISE!!! See you soon BITCH!
> Looking forward to watching you die,
> [signed Kevin Johnson] 329397
> 13800 McMullen Hwy SW
> Cumberland MD 21502

This letter did cause Judge Roger W. Titus to feel threatened. At the time the letter was mailed, JOHNSON was serving a sentence at the Western Correctional Institution in Cumberland, Maryland, and assigned inmate identification number 329397.

On March 5, 2009, after being advised of, and knowingly and voluntarily waiving, his Miranda rights, the Defendant acknowledged writing the letter. The Defendant stated, in sum and substance, that: he would probably follow through with his threats if given the opportunity because

he was very upset with Judge Titus; by "a few hot ones" he meant bullets; he has the ability to get a gun; he used to own a gun; he is very distraught at the lack of resolution of his civil case (which had been dismissed by Judge Titus); he "snapped" when his civil suit was dismissed; he's a ticking time bomb ready to explode; he knew what he did was wrong; and he's willing to face the consequences.

5. Based on JOHNSON's sentence, he had a projected release date of February 1, 2015. On August 6, 2014, at 1:40 a.m., JOHNSON departed United States Penitentiary McCreary in Pine Knot, Kentucky, with the town driver and proceeded to the bus station in nearby London, Kentucky, with instructions that he get on the bus to Baltimore, MD, and then check himself into Volunteers of America, a residential re-entry program where he was to serve the last six months of his sentence. At that time JOHNSON was considered on furlough and still under the custody of the Attorney General or his authorized representative. JOHNSON was directed to arrive at Volunteers of America in Baltimore, MD, no later than 10:40 p.m. on August 6, 2014. On August 7, 2014, USP McCreary officials were notified by Volunteers of America that JOHNSON never reported. Unit Staff for USP McCreary contacted the Greyhound Bus Station and confirmed that there were no interruptions with the scheduled route to Baltimore, MD.

6. Further investigation and review of surveillance camera footage showed that JOHNSON arrived in Baltimore, MD, on August 6, 2014, at 11:15 p.m. as he exited the bus/bus terminal. At this time, JOHNSON's whereabouts are unknown and JOHNSON has made no effort to contact Bureau of Prisons Officials or the U.S. Marshal's Service. JOHNSON is considered to be in Escape status with the Bureau of Prisons.

## Conclusion

7.     Based upon all the information set forth in this application, your Affiant respectfully submits that there is probable cause to believe that Kevin JOHNSON is in violation of Title 18, United States Code, Section 751(a).

Deputy U.S. Marshal Richard Snyder
U.S. Marshal's Service

Sworn and subscribed before me
this 18 day of August, 2014.

Beth P. Gesner
United States Magistrate Judge for the
District of Maryland

—4—